# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE OLIVAS,<br><br>                    Plaintiff,<br><br>     v.<br><br>DR. J. NEUBARTH, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:09-cv-00872-GSA PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 9)<br><br>ORDER DISMISSING DEFENDANT WANG, AND FINDING SERVICE OF COMPLAINT APPROPRIATE AS TO DEFENDANT NEUBARTH<br><br>(Doc. 9) |

**I.     Motion for Reconsideration**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jesse Olivas, a state prisoner proceeding pro se and in forma pauperis. On June 15, 2009, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and issued an order (1) denying Plaintiff's motion for a preliminary injunction and (2) requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claim against Defendant Neubarth.[1] On June 29, 2009, Plaintiff filed a motion seeking reconsideration of the denial of his motion for a preliminary injunction. Fed. R. Civ. P. 60(b)(6); Local Rule 78-230(k).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

---

[1] This is a consent case pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California.

1

1  and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d
2  737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must
3  demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks
4  and citation omitted).  Local Rule 78-230(k) requires Plaintiff to show "what new or different facts
5  or circumstances are claimed to exist which did not exist or were not shown upon such prior motion,
6  or what other grounds exist for the motion."  "A motion for reconsideration should not be granted,
7  absent highly unusual circumstances, unless the district court is presented with newly discovered
8  evidence, committed clear error, or if there is an intervening change in the controlling law," and it
9  "may *not* be used to raise arguments or present evidence for the first time when they could
10 reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma
11 GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (internal quotations marks
12 and citations omitted).

13         Plaintiff seeks a preliminary injunction requiring Defendants Neubarth and Wang to restart
14 his medical treatment for Hepatitis C.  The Court denied Plaintiff's motion on June 15, 2009, without
15 prejudice, on the ground that Plaintiff failed to support the motion with any admissible evidence.

16         Plaintiff concedes that he did not support his motion with sufficient evidence, but argues that
17 he mistakenly believed his allegations were to be taken as true.  Plaintiff submits additional evidence
18 he wishes the Court to consider.  Plaintiff also argues that while the Court is correct that he is not
19 a medical expert, the medical records submitted speak for themselves.

20         Plaintiff is not entitled to reconsideration on the basis of evidentiary supplementation of his
21 earlier motion.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.  Plaintiff is not precluded from filing
22 another motion seeking equitable relief, but may not seek reversal of the Court's denial of his motion
23 on the ground that he erred in failing to submit certain medical records.  Id.

24         Next, Plaintiff confuses two separate issues.  Plaintiff cites to and discusses in detail the
25 United States Supreme Court's decision in Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007).
26 The plaintiff in the Erickson case alleged facts similar to those alleged by Plaintiff in this case,
27 involving the discontinuation of treatment for Hepatitis C.  However, the issue in Erickson was not
28 ///

the plaintiff's entitlement to preliminary injunctive relief but whether the plaintiff satisfied the federal pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

The Supreme Court reversed the appellate court, holding that the plaintiff alleged sufficient facts to state a claim. This Court already found that Plaintiff alleged sufficient facts to state a claim against Defendant Neubarth for discontinuing his medical treatment. A motion for preliminary injunctive relief, however, is not a pleading, Fed. R. Civ. P. 7(a), and neither Rule 8(a) nor the Erickson case sets forth the applicable legal standard.

"A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted), and a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest," id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

In this instance, Plaintiff did not support his motion for a preliminary injunction with admissible evidence making a clear showing of entitlement to relief, and the Court did not err in denying the motion. The Court declines to consider or comment on the evidence submitted by Plaintiff with his motion for reconsideration because a request for reconsideration is not intended to allow the moving party to submit evidence that could have been and should have been submitted in the first instance. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

**II.    Dismissal of Defendant Wang**

In the screening order, the Court found that Plaintiff's complaint states a claim against Defendant Neubarth but does not state a claim against Defendant Wang. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only against Defendant Neubarth. On June 29, 2009, along with seeking reconsideration of the denial of his motion for a preliminary injunction, Plaintiff dismissed Dr. Wang as a defendant. Fed. R. Civ. P. 41(a)(1).

///

1     Therefore, this action shall proceed on Plaintiff's original complaint against Defendant Neubarth. In a separate order, the Court will direct the Clerk's Office to provide Plaintiff with a summons and a USM-285 form for completion and return. Upon receipt of the documents, the Court will direct the United States Marshal to initiate service of process on Defendant Neubarth.

**III.**    **Order**

    For the reasons set forth herein, it HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed June 29, 2009, is DENIED; and
2. Defendant Wang is dismissed from this action pursuant to Plaintiff's notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **August 20, 2009**                 **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE