# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE OLIVAS,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. J. NEUBARTH, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:09-cv-00872-GSA PC<br><br>ORDER DENYING SECOND MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 16) |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jesse Olivas, a state prisoner proceeding pro se and in forma pauperis. On August 20, 2009, the Court denied Plaintiff's motion for reconsideration of the denial of his motion for a preliminary injunction. On September 8, 2009, Plaintiff filed objections. Because this is a consent case, there is no provision for filing an "objection" to the Court's order, and the filing shall be construed as a second motion for reconsideration. For the reasons set forth herein, the motion is denied, with prejudice.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (internal quotations marks and citations omitted).

Plaintiff's argument that he filed his first motion for reconsideration by mail on June 23, 2009, and that it was a motion pursuant to Federal Rules of Civil Procedure Rules 52 and 59 is without merit. Plaintiff's motion was received by the Clerk's Office and filed on June 29, 2009. The date of mailing is relevant only in determining whether it was timely filed, which is not at issue. Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994); Houston v. Lack, 487 U.S. 266, 270 (1988). Further, Rules 52 and 59 pertain to trial and judgments, neither of which has occurred. If Plaintiff seeks to have an order set aside, as he did in his motion, Federal Rule of Civil Procedure 60 is applicable.

Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs, Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988), and reconsideration is not to be used to ask the Court to rethink what it has already thought, rightly or wrongly, United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998) (citation omitted). Plaintiff's remaining contentions relate to issues already addressed by the Court in its order denying Plaintiff's first motion for reconsideration and do not form any meritorious basis for reconsideration.

Based on the foregoing, Plaintiff's second motion for reconsideration, filed September 8, 2009, is HEREBY DENIED, with prejudice. No further motions relating to Plaintiff's disagreement with the Court's ruling on his motion for a preliminary injunction or relating to Plaintiff's disagreement with the Court's denials of his motions for reconsideration will be considered.

///

///

Plaintiff's recourse lies with the appellate court, and such recourse has been initiated by Plaintiff's notice of appeal filed on September 8, 2009.

IT IS SO ORDERED.

Dated:   **September 25, 2009**          　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE