# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE OLIVAS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. J. NEUBARTH,<br><br>    Defendant.<br>_____/ | CASE NO. 1:09-cv-00872-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 15, 21, and 22) |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jesse Olivas, a state prisoner proceeding pro se and in forma pauperis. Pursuant to a separate order issued concurrently with this order, this action was authorized to proceed on Plaintiff's amended complaint, filed September 15, 2009, against Defendant Neubarth for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

Plaintiff again seeks the issuance of a preliminary injunction mandating that Defendant Neubarth provide medical treatment for Plaintiff's Hepatitis C, and in particular that Defendant restart the Ribavirin and Interferon treatment that was initiated on April 23, 2009, and discontinued on April 30, 2009, for allegedly non-medical reasons.[1] (Docs. 15, 21, 22.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff

---

[1] The Court denied Plaintiff's previously filed motion for preliminary injunctive relief, and denied Plaintiff's motion for reconsideration. Plaintiff appealed the denials of his motions, and the Court's rulings were affirmed by the Ninth Circuit Court of Appeals. (Docs. 8, 12, 28, and 29.)

1

1 seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. <u>Id.</u> at 376 (citation omitted) (emphasis added).

This case arises out of an allegedly unconstitutional denial of medical care. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and therefore, to prevail on his Eighth Amendment claim, Plaintiff "must show that the course of treatment [Dr. Neubarth] chose was medically unacceptable under the circumstances . . . and . . . that [he] chose this course in conscious disregard of an excessive risk to [P]laintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff's lay opinion regarding the appropriate treatment for his medical condition is not admissible evidence because Plaintiff is not qualified to render an opinion on issues that require medical expertise. The Court cannot, based upon Plaintiff's lay opinion and the submission of his medical records, make a finding that Plaintiff is likely to prevail on the merits and that without the issuance of a preliminary injunction mandating that Ribavirin and Interferon treatment be initiated, Plaintiff will likely suffer irreparable harm. Admissible evidence regarding Plaintiff's medical condition and the medical necessity of the treatment sought must be submitted in order for Plaintiff to meet his burden as the party moving for preliminary injunctive relief. Plaintiff has not met his burden, and accordingly, Plaintiff's motion for preliminary injunctive relief is HEREBY ORDERED DENIED

.

IT IS SO ORDERED.

Dated: **February 1, 2010**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

2