# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE OLIVAS, | CASE NO. 1:09-cv-00872-GSA PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| JEFFREY NEUBARTH, M.D., | (Doc. 32) |
| Defendant. | |

Plaintiff Jesse Olivas is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of August 20, 2009, this action is proceeding on Plaintiff's Complaint, filed May 18, 2009, against Defendant Dr. Neubarth for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

On March 2, 2010, Plaintiff filed a motion seeking the issuance of a preliminary injunction mandating that he be given "PLU status" so as to have access to the law library – without which Plaintiff believes it is not possible for him to litigate and prosecute this action as it should be prosecuted. (Doc. 32.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376

(citation omitted) (emphasis added). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Inmates do not have the right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, issuance of an injunction is not necessary to correct the violation of a Federal right as Plaintiff has no constitutionally protected right of access to a law library that is being infringed upon. Further, even if Plaintiff had a constitutionally protected right of access to a law library, the two orders issued by this Court on February 1, 2010 do not set deadlines with which Plaintiff must comply in this case.[1] Thus, Plaintiff also does not establish that he is likely to suffer irreparable harm in the absence of preliminary relief.

Accordingly, Plaintiff's motion for preliminary injunctive relief, filed March 2, 2010, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 5, 2010**         /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The first order issued on February 1, 2002, denied Plaintiff's motion for preliminary injunctive relief which was a repeat of prior such motions filed by Plaintiff – which Plaintiff appealed and were affirmed by the Ninth Circuit court of Appeals. (Docs. 8, 12, 28, 29, and 30.) The second order issued on that date denied Plaintiff's motion to amend and for extension of time and directed Plaintiff to fill out and submit service documents and USM-285 forms so as to move the case forward.