# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE OLIVAS, | 1:09-cv-00872-GSA-PC |
| Plaintiff, | ORDER DISMISSING THIS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDER (Doc. 31.) |
| v. | |
| DR. NEUBARTH, | ORDER FOR CLERK TO CLOSE CASE |
| Defendant. | |

Plaintiff Jesse Olivas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 18, 2009. (Doc. 1.) Pursuant to the court's order of August 20, 2009, this action proceeds on Plaintiff's amended complaint filed September 15, 2009, against defendant Dr. Neubarth, for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. 27.)

On June 3, 2009, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 2, 2010, the undersigned issued an order requiring Plaintiff to complete and return documents within thirty days, to initiate service of process upon defendant Neubarth in this action. (Doc. 31.) More than sixty days has passed, and Plaintiff has not complied with the order.

1

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since May 2009. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. Completing the service documents does not require access to the law library, legal materials, or legal knowledge, and the documents are not voluminous. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by completing and returning to the court the documents required to serve the defendant in this action. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to complete and return service documents that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.   This action is DISMISSED, without prejudice, based on Plaintiff's failure to obey
3        the court's order of February 2, 2010; and
4   2.   The Clerk is DIRECTED to close this case.

6   IT IS SO ORDERED.

7   **Dated:   April 23, 2010**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE